FILED

12/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0487

DA 18-0487

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 302N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

RAYMOND VANDENBOS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DC 17-52
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Lisa S. Korchinski, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Terryl T. Matt, Glacier County Attorney, Joseph F. Sherwood, Deputy
County Attorney, Cut Bank, Montana

                        Submitted on Briefs:  November 4, 2020

                                   Decided:  December 1, 2020

Filed:

                _____
                            Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant and Appellant Raymond Vandenbos (Vandenbos) was arrested and charged with driving under the influence (DUI), 4th or subsequent offense. On July 31, 2017, Montana Highway Patrol Trooper Terrance Melton was advised by Blackfeet Tribal Police of a possible drunk driver on the Starr School Road and was provided the make, color, and license plate number of the vehicle. The license plate number returned to a red 1981 Chevrolet pickup registered to Vandenbos. As Trooper Melton entered the Starr School area, he observed the vehicle parked on the right side of the westbound lane. As he drove past the vehicle, the driver's side door was open and Vandenbos (whom he later identified) was sitting in the driver's seat. Trooper Melton turned on his overhead lights and turned around, before pulling in behind the vehicle. Vandenbos exited the driver's side and, as instructed by Trooper Melton, walked to the rear of the truck. Trooper Melton observed Vandenbos had bloodshot, watery eyes, slurred speech, a strong odor of alcohol emanating from him, and was unsteady on his feet. Trooper Melton asked Vandenbos where the keys to the vehicle were and Vandenbos removed them from his right front pocket and handed them to Trooper Melton. Vandenbos refused to participate in any field

2

sobriety tests or a blood test, but did agree to take a preliminary breath test. Trooper Melton then obtained a search warrant for a blood draw, which showed a BAC of .199.

¶3 At trial, Vandenbos moved for directed verdict following the State's case-in-chief, asserting the State failed to prove Vandenbos was in "actual physical control" of the vehicle. The District Court denied the motion and the jury ultimately found Vandenbos guilty of the DUI offense. On June 6, 2018, the District Court then sentenced Vandenbos to five years with the Montana Department of Corrections (DOC). On appeal, Vandenbos asserts the District Court did not have sufficient evidence to determine beyond a reasonable doubt that Vandenbos was in actual physical control of his vehicle while under the influence of alcohol. The basis for this assertion is that there were other individuals who could have potentially driven the vehicle, the vehicle was not running when Trooper Melton encountered it, and Trooper Melton did not actually see Vandenbos driving the vehicle. Vandenbos also contends the District Court erred by not crediting him with 311 days of pretrial incarceration.

¶4 We review de novo a question on the sufficiency of the evidence to determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Sommers*, 2014 MT 315, ¶ 15, 377 Mont. 203, 339 P.3d 65 (citing *State v. Redlich*, 2014 MT 55, ¶ 18, 374 Mont. 135, 321 P.3d 82).

¶5 Section 61-8-401(1)(a), MCA, provides that it is unlawful for "a person who is under the influence of . . . alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public[.]"

3

¶6 Vandenbos's argument he was not in possession of the vehicle is unpersuasive and the District Court did not err in paying no heed to this argument. Trooper Melton received a report of a possible drunk driver on the Starr School Road and was provided the make, color, and license plate number of the vehicle. Shortly thereafter he located the exact vehicle on Starr School Road with its occupants still in the vehicle. He witnessed Vandenbos in the driver's seat and immediately upon exiting the vehicle, Vandenbos had the keys to the vehicle in his pocket. This combined with the direct and circumstantial evidence of intoxication at the time of the arrest is reasonable and sufficient evidence to support a conviction for DUI.

¶7 Vandenbos also contests the District Court's failure to credit him for 311 days of pretrial incarceration. Vandenbos was arrested on July 31, 2017. On August 16, 2017, Vandenbos was charged by information with the DUI offense and simultaneously the court issued an arrest warrant and set bond on the DUI offense at $20,000. The DUI offense was a bailable offense. Vandenbos never posted any bond on this offense and thus was arguably being held on the DUI offense regardless of whether he was also being held on a different offense. The record contains a February 21, 2018 letter to Vandenbos from Kevin Olson, administrator of DOC's Probation and Parole Division, which states, in pertinent part:

> In October of 2017 you filed a disciplinary appeal with Bureau Chief Lahiff. She responded by denying your appeal and correctly pointing out that your current placement in the Glacier County Detention Facility is due to your pending Driving While Under the Influence criminal charges filed by the Glacier County Attorney's Office.

The Location Report contained in the record shows Vandenbos was placed on "Conditional Release Hold" on July 31, 2017, when he was arrested on the DUI offense and that hold

4

ended on August 3, 2017, and he was not further placed on a conditional release prior to June 6, 2018, when he was sentenced on the DUI in this cause. This documentation clearly indicates Vandenbos was being held only on the DUI charge and was no longer on a conditional release hold as of August 3, 2017. Each day of incarceration on a bailable offense must be credited against a defendant's sentence when directly related to the offense for which the sentence was imposed. Section 46-18-403(1), MCA; *State v. Hornstein*, 2010 MT 75, ¶¶ 14, 16, 356 Mont. 14, 229 P.3d 1206. Here, Vandenbos is thus entitled to credit for the time he served between his arrest and sentencing. The District Court's determination of the number of days Vandenbos is entitled to credit for pretrial incarceration is reversed and this matter is remanded to the District Court to provide Vandenbos credit for pretrial incarceration in conformance with this Opinion.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed in part, reversed in part, and remanded for further action consistent with this Opinion.

/S/ INGRID GUSTAFSON

We concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

5